UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
WESTPORT INSURANCE CORPORATION,         Case No. 08 CV 6057

              Plaintiff,

  - against -                          **COHEN DEFENDANTS' ANSWER
                                            TO AMENDED COMPLAINT**
COHEN, ESTIS & ASSOCIATES, LLP;
RONALD J. COHEN; ANTONIA WARMERS
CASTON; DANIEL STURRUP; and ALBERT
STURRUP,

              Defendants.         August 18, 2008
- - - - - - - - - - - - - - - - - X

     Defendants Cohen, Estis & Associates, LLP (the "Cohen firm") and Ronald J. Cohen ("Mr. Cohen") (collectively, "Cohen Defendants"), as and for their Answer to the Amended Complaint of plaintiff Westport Insurance Corporation ("Plaintiff" or "Westport"), aver as follows:

     1.   Neither deny nor admit the allegations contained in paragraph 1 of the Amended Complaint, except admit that Plaintiff purports to bring this action under the statutes cited therein.

     2.   Neither deny nor admit the allegations contained in paragraph 2 of the Amended Complaint, except admit that Plaintiff seeks declaratory relief in this action.

     3.   Neither deny nor admit the allegations contained in paragraph 3 of the Amended Complaint, and respectfully refer all questions of law to this Court.

     4.   Neither deny nor admit the allegations contained in paragraph 4 of the Amended Complaint, and respectfully refer all questions of law to this Court.

5. Neither deny nor admit the allegations contained in paragraph 5 of the Amended Complaint, and respectfully refer all questions of law to this Court.

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Amended Complaint.

7. Admit the allegations contained in paragraph 7 of the Amended Complaint.

8. Admit the allegations contained in paragraph 8 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Amended Complaint, except admit that Antonia Warmers Caston is a plaintiff in an action entitled <u>Antonia Warmers Caston, et al. v. Ronald J. Cohen, et ano</u>, Index No. 2979/06, now pending in New York Supreme Court, Dutchess County (the "Caston Lawsuit").

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint, except admit that Daniel Sturrup is a plaintiff in the Caston Lawsuit.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint, except admit that Albert Sturrup is a plaintiff in the Caston Lawsuit.

12. Deny the allegations contained in paragraph 12 of the Amended Complaint, except admit that a portion of the professional liability insurance policy issued by Westport to the Cohen firm (the "Policy") is annexed to the Amended Complaint.

13. Neither deny nor admit the allegations contained in paragraph 13 of the Amended Complaint, and respectfully refer this Court to the Policy for the terms and conditions thereof.

14. Deny the allegations contained in paragraph 14 of the Amended Complaint, and respectfully refer all questions of law to this Court.

15. Admit, upon information and belief, the allegations contained in paragraph 15 of the Amended Complaint.

16. Neither deny nor admit the allegations contained in paragraph 16 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

17. Neither deny nor admit the allegations contained in paragraph 17 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

18. Neither deny nor admit the allegations contained in paragraph 18 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

19. Neither deny nor admit the allegations contained in paragraph 19 of the Amended Complaint, and respectfully refer

this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

20. Neither deny nor admit the allegations contained in paragraph 20 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

21. Neither deny nor admit the allegations contained in paragraph 21 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

22. Neither deny nor admit the allegations contained in paragraph 22 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

23. Neither deny nor admit the allegations contained in paragraph 23 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

24. Neither deny nor admit the allegations contained in paragraph 24 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

25. Neither deny nor admit the allegations contained in paragraph 25 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

26. Deny the allegations contained in paragraph 14 of the Amended Complaint, except state that – subject to a limited "reservation of rights" – Westport has assigned defense counsel to represent Cohen Defendants in the Caston Lawsuit.

27. Neither deny nor admit the allegations contained in paragraph 27 of the Amended Complaint.

28. Neither deny nor admit the allegations contained in paragraph 28 of the Amended Complaint.

29. Neither deny nor admit the allegations contained in paragraph 29 of the Amended Complaint, and respectfully refer this Court to the application by the Cohen firm (and Mr. Cohen's supporting affidavit) for the statements contained therein.

30. Deny the allegations contained in paragraph 30 of the Amended Complaint, except admit that – by Order dated April 9, 2004 – the United States Bankruptcy Court for the Southern District of New York (Poughkeepsie Division) (the "Bankruptcy Court") approved the retention of the Cohen firm as counsel for Balco Equities Ltd., Inc., Haddon Holdings Ltd. and Sarah Enterprises International Ltd. (collectively, the "Debtors").

31. Neither deny nor admit the allegations contained in paragraph 31 of the Amended Complaint, and respectfully refer this Court to Mr. Cohen's "supplemental" affidavit dated May 5, 2004 for the statements contained therein.

32. Deny the allegations contained in paragraph 32 of the Amended Complaint, except admit that – by Order dated March 4,

2005 – the Bankruptcy Court substituted Lewis D. Wrobel, Esq. as counsel for the Debtors, in lieu of the Cohen firm.

33. Deny the allegations contained in paragraph 33 of the Amended Complaint, except (i) admit that, on or about August 30, 2005, Paul Banner, Esq. ("Mr. Banner"), as Chapter 11 Trustee, commenced an adversary proceeding against the Cohen firm in the Bankruptcy Court; and (ii) respectfully refer this Court to the Complaint in that adversary proceeding for Mr. Banner's allegations therein.

34. Admit, upon information and belief, the allegations contained in paragraph 34 of the Amended Complaint.

35. Neither deny nor admit the allegations contained in paragraph 35 of the Amended Complaint, and respectfully refer this Court to the Order entered on or about April 27, 2006 by the Bankruptcy Court for the terms thereof.

36. Neither deny nor admit the allegations contained in paragraph 36 of the Amended Complaint, and respectfully refer this Court to the Decision rendered on or about July 7, 2006 by the Bankruptcy Court for the terms thereof.

37. Neither deny nor admit the allegations contained in paragraph 37 of the Amended Complaint, and respectfully refer this Court to the Decision rendered on or about July 7, 2006 by the Bankruptcy Court for the terms thereof.

### AS TO COUNT I

38. Cohen Defendants repeat and reallege each and every denial, admission and averment contained in their answers to

paragraphs 1 through 37 of the Amended Complaint, as if fully set forth herein.

39. Neither deny nor admit the allegations contained in paragraph 39 of the Amended Complaint, and respectfully refer this Court to the Policy for the terms and conditions thereof.

40. Neither deny nor admit the allegations contained in paragraph 40 of the Amended Complaint, and respectfully refer this Court to the Policy for the terms and conditions thereof.

41. Neither deny nor admit the allegations contained in paragraph 41 of the Amended Complaint, and respectfully refer this Court to the Policy for the terms and conditions thereof.

42. Deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Neither deny nor admit the allegations contained in paragraph 43 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

44. Deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Deny the allegations contained in paragraph 45 of the Amended Complaint, and respectfully refer all questions of law to this Court.

46. Deny the allegations contained in paragraph 46 of the Amended Complaint, and respectfully refer all questions of law to this Court.

## AS TO COUNT II

47. Cohen Defendants repeat and reallege each and every denial, admission and averment contained in their answers to paragraphs 1 through 46 of the Amended Complaint, as if fully set forth herein.

48. Neither deny nor admit the allegations contained in paragraph 48 of the Amended Complaint, and respectfully refer this Court to the Policy for the terms and conditions thereof.

49. Neither deny nor admit the allegations contained in paragraph 49 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

50. Neither deny nor admit the allegations contained in paragraph 50 of the Amended Complaint, and respectfully refer this Court to the Complaint in the Caston Lawsuit for the allegations contained therein.

51. Neither deny nor admit the allegations contained in paragraph 51 of the Amended Complaint, and respectfully refer this Court to the Decision rendered on or about July 7, 2006 by the Bankruptcy Court for the terms thereof.

52. Deny the allegations contained in paragraph 52 of the Amended Complaint, and respectfully refer all questions of law to this Court.

53. Deny the allegations contained in paragraph 53 of the Amended Complaint, and respectfully refer all questions of law to this Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. Plaintiff fails to state a claim against Cohen Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. The Policy issued by Westport provides defense and indemnity coverage to the Cohen firm and Mr. Cohen for the claims asserted in the Caston Lawsuit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Plaintiff's claims herein against Cohen Defendants are barred by the doctrine of estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims herein against Cohen Defendants are barred by the doctrine of waiver.

WHEREFORE, Cohen Defendants demand judgment:

1. dismissing the Amended Complaint against said defendants;

2. declaring that Westport is obligated to defend and indemnify the Cohen firm and Mr. Cohen for any judgment or verdict which may be entered against it/him/them in the Caston Lawsuit;

3. awarding said defendants their costs and disbursements of this action, as well as their reasonable attorney's fees incurred herein; and

4. granting such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
August 18, 2008

                        STEINBERG & CAVALIERE, LLP

                        By _/s/ Neil Silberblatt_
                           Neil W. Silberblatt
                        Attorneys for Defendants
                         Cohen, Estis & Associates, LLP
                         and Ronald J. Cohen
                        50 Main Street, 9th Floor
                        White Plains, New York 10606
                        (914) 761-4200
                        Fed Bar No. NS 7472